UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>   Plaintiff, )<br>  )<br>   v. )<br>  )<br> SCHICKELL BEST, )<br>  )<br>   Defendant. ) | Cause No. 2:20-CR-054-PPS-APR |

## OPINION AND ORDER

Defendant Schickell Best pled guilty to Count 5 of the Indictment [DE 12], a charge of unlawful possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). [DE 39; DE 42; DE 44.] Best's guideline range was 110-120 months. [DE 49 at ¶140.] At his sentencing on September 22, 2022, Best was given a below-guideline sentence of 92 months' imprisonment. [DE 56.] The judgment of conviction was entered the next day. [DE 57.] Best did not pursue a direct appeal of the judgment. He is currently serving his sentence at FCI Pekin, and the Bureau of Prisons website states that his projected release date is November 22, 2026.

Best has filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, in which he asserts that 18 U.S.C. § 922(g)(1) is unconstitutional in light of the Supreme Court's ruling in *New York Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022) and that his attorney's failure to "rais[e] and fight[] this issue harder" constitutes ineffective assistance of counsel. [DE 62 at 4–5.] Section 2255(a) authorizes a federal court to grant relief where a federal prisoner's sentence "was imposed in violation of the Constitution

or laws of the United States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in excess of the maximum authorized by law." The Seventh Circuit has observed that this is a high bar: "Relief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013)).

Regardless of its merits, Best's motion must be denied as untimely. A motion under § 2255 must usually be filed within one year from the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Best asserts that his conviction became final on "December 22, 2024." [DE 62 at 11.] But this must be a typographical error. Surely he meant to say that his conviction was final on December 22, 2023. Whichever date he meant, he tells me that his conviction became final "when the 90 day period for filing the writ [of certiorari]" expired. Best did not take a direct appeal after his judgment of conviction was entered on September 23, 2022. [*See* DE 57.] Because Best did not take a direct appeal, under § 2255(f)(1), the judgment became final fourteen days later, on October 7, 2022. Fed. R. App. P. 4(b)(1)(A). *See, e.g.*, *Ramirez v. United States*, No. 2:15CR120-PPS, 2022 WL 16745058, at *1 (N.D. Ind. Nov. 7, 2022); *United States v. Asmussen*, 2017 WL 6733725, at *2  (N.D. Il. Dec. 18, 2017). As a result, Best had until October 8, 2023 to file his motion to vacate. His petition, signed on December 20, 2023, was therefore two and a half months too late.

None of the alternative deadlines of § 2255(f)(2), (3), or (4) apply to make Best's motion timely. *Bruen* was decided in 2022, so the 1-year period of limitation would have expired last year under 28 U.S.C. § 2255(f)(3). In any case, that rule would not apply because the right asserted here—to possess firearms as a convicted felon—was not recognized in *Bruen* (the issue was not even before the Court). And even if someone could somehow read that right into *Bruen*, the Court plainly did not make it retroactively applicable to cases on collateral review. *Id.*

Because I find that Best has not made a substantial showing of the denial of a constitutional right, and that reasonable jurists could not debate the reasoning for rejecting his motion under § 2255, I will deny a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Welch v. United States*, 578 U.S. 120 (2016). If Best wishes to appeal this Opinion and Order denying his § 2255 motion, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

Finally, Best filed a motion for appointment of counsel in connection with his § 2255 motion. [DE 63.] The only basis he identifies for appointment of counsel is assistance with his § 2255 motion. As explained above, that motion must be denied because the motion and records of this case conclusively reflect that it is time-barred. Therefore, the motion for appointment of counsel will be denied as moot.

**ACCORDINGLY:**

Defendant Schickell Best's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [DE 62] is **DENIED**, because it is time-barred under § 2255(f). Best's

motion for appointment of counsel in connection with pursuing his § 2255 motion [DE 63] is **DENIED AS MOOT**.

**SO ORDERED**.

ENTERED: January 17, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT